**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

```
_____
                            :
JOE ORR,                    :
                            :        Civil Action
            Plaintiff,      :        11-318 (FSH)
                            :
       v.                   :        O P I N I O N
                            :
MR. JOHN SHUST, et al.,     :
                            :
            Defendants.     :
_____:
```

**Hochberg**, District Judge:

    Plaintiff, who appears to be a civilly committed individual currently confined at the Anne Klein Forensic Center, seeks to bring this action in forma pauperis, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), and will order the Clerk to file the Complaint.

    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I.   **BACKGROUND**

Plaintiff named five persons as Defendants in this matter: "Mr. John Shust," "Mr. W. Brown," "Mr. S. Blakey," "Mr. T. Rivera"[1] and "Lt. P. Barber."  See Docket Entry No. 1, at 1.  Plaintiff's "Statement of Claims" section asserts that Plaintiff was "arrested" on August 14, 2009, at a certain hospital located in Elizabeth, New Jersey.  See id. at 5.  Plaintiff asserts that his "arresting officer," Officer Rivera, wrongly indicated that Plaintiff was arrested on August 15, 2009, rather than on August 14, 2009, and that the arrest took place at Newark Beth Israel Hospital (rather than in a hospital in Elizabeth).  See id.  Plaintiff further asserts that, after the arrest, he was taken to the Union County Jail, where he was "assaulted" by Defendant Barber and a certain "Sgt. Afonte," a person not named as Defendant in this matter.  See id.  Plaintiff's Complaint does not elaborate on the nature or circumstances of the alleged assault.  See id.  Plaintiff further alleges that he "never received medical treatment," but does not detail the nature of the medical need he had, which allegedly required a treatment.  See id.  Plaintiff also asserts that he has not received any assistance in connection with his efforts to be released from incarceration, seemingly from the Union County Jail, even though Plaintiff's submissions suggest that he is a civilly

---

[1] In the body of the Complaint, "T. Rivera" is referred to as "Kenneth Rivera."  Compare Docket Entry No. 1, at 1, to Docket Entry No. 1, at 5.

committed individual held at the Anne Klein Forensic Center.  The Complaint does not state any factual challenges against "Mr. W. Brown" and "Mr. S. Blakey," and the entire reference to "Mr. Shust" is limited to the statement that Shust "gave a false statement" about where and when Plaintiff was arrested, even though the Complaint allocates such "false statement" to Defendant Rivera. See id. at 4 and 5.

## II.  **STANDARD OF REVIEW**

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89 (2007); Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  Indeed, it is long established that a court should "accept as true all of the [factual] allegations in the  complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  However, while a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

Addressing the clarifications as to the litigant's pleading requirement stated in the United States Supreme Court in Bell

Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Court of Appeals for the Third Circuit provided the courts in this Circuit with detailed and careful guidance as to what kind of allegations qualify as pleadings sufficient to pass muster under the Rule 8 standard.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' [by stating] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ."  Twombly, 127 S. Ct. at 1964-65 . . . Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  Id. at 1965 n.3. . . .  "[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'"  Id. at 1966.  [Hence] "factual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965 & n.3. . . . [Indeed, it is not] sufficient to allege mere elements of a cause of action; instead "a complaint must allege facts suggestive of the proscribed conduct."  Id.
>
> Id. at 230-34 (original brackets removed).

This pleading standard was further refined by the United States Supreme Court in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Court observed:

> [In any civil action, t]he pleading standard . . . demands more than an unadorned ["]the-defendant-unlawfully-harmed-me["] accusation. [Twombly, 550 U.S.] at 555 . . . .  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Id.] at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual

> enhancement." Id. at 557. . . . A claim has facial plausibility [only] when the plaintiff pleads factual content . . . . Id. at 556. [Moreover,] the plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Id. [Indeed, even w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, [the so-alleging complaint still] "stops short of [showing] plausibility of 'entitlement to relief.'" Id. at 557 (brackets omitted). [A fortiori,] the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [or to t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements [,i.e., by] legal conclusion[s] couched as a factual allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement [or] that [defendants] adopted a policy "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." . . . . [W]e do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of [these] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth. . . . [Finally,] the question [of sufficiency of] pleadings does not turn . . . the discovery process. Twombly, 550 U.S.] at 559 . . . . [The plaintiff] is not entitled to discovery [where the complaint alleges any of the elements] "generally," [i.e., as] a conclusory allegation [since] Rule 8 does not [allow] pleading the bare elements of [the] cause of action [and] affix[ing] the label "general allegation" [in hope to develop facts through discovery].

Iqbal, 129 S. Ct. at 1949-54.

### III. <u>SECTION 1983 ACTIONS</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of

>    the United States or other person within the jurisdiction
>    thereof to the deprivation of any rights, privileges, or
>    immunities secured by the Constitution and laws, shall be
>    liable to the party injured in an action at law, suit in
>    equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**IV.  DISCUSSION**

Here, Plaintiff names two Defendants, "Mr. W. Brown" and "Mr. S. Blakey," without stating any factual claim against these Defendants.  Therefore, these claims are facially subject to dismissal.  See Iqbal, 129 S. Ct. at 1949.

Similarly, Plaintiff's claims against Defendants Shust and Rivera are to Plaintiff's assertion that both these Defendants (or either one of these Defendants) incorrectly identified the location and exact date of Plaintiff's "arrest."[2] While the date and location of Plaintiff's arrest may (or may not) have a certain significance for the purposes of Plaintiff's criminal prosecution

---

   [2] The Court is not entirely clear as to the nature of Plaintiff's "arrest," since Plaintiff appears to be a civilly committed individual.  However, the Court cannot exclude the possibility that Plaintiff is receiving a treatment at the Anne Klein Forensic Center while awaiting for his trial.

(or civil commitment proceedings), that is, if such prosecution (or civil commitment) is pending/underway, Plaintiff's civil rights could not have been violated, within the meaning of Section 1983 remedies, by an erroneous designation of the particular hospital from which Plaintiff was taken into custody/civil commitment or the date of such taking, since these niceties appear facially irrelevant to such issues as probable cause, malicious prosecution, etc.  Therefore, Plaintiff's challenges against Defendants Shust, Rivera, Brown and Blakey will be dismissed.

Moreover, Plaintiff's challenges against Defendant Barber will, too, be dismissed, since Plaintiff's conclusive statements that he was "assaulted" by Barber and "never received medical treatment" prevent the Court from conducting an intelligent analysis of Plaintiff's claims against Barber.  See Phillips, 515 F.3d at 230-34.  Such dismissal, however, will be without prejudice, and Plaintiff will be allowed an opportunity to: (a) name "Sgt. Afonte" as Defendant in this action, in the event Afonte was personally involved in the assault and/or denial of medical care to Plaintiff; and (b) detail to the Court the circumstances of the alleged assault, the persons involved, the injuries allegedly suffered and the nature of medical need experienced but left unattended.  To that effect, the Court stresses that Plaintiff is obligated to allege the *facts* underlying his claims, in terms of who did or said what, and the events surrounding these acts and/or

verbal exchanges.

Finally, the Court takes note of Plaintiff's statement suggesting Plaintiff's disappointment with the fact of his continuous commitment/incarceration. Plaintiff's implied request for release from confinement cannot be entertained in the instant action. Federal law provides two avenues of relief to prisoners: a petition for habeas corpus and a civil rights complaint. See Muhammad v. Close, 540 U.S. 749, 750 (2004). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [while] requests for relief turning on circumstances of confinement [fall within the realm of] a § 1983 action."[3] The Court of Appeals for the Third Circuit explained the distinction between the availability of civil rights relief and habeas relief as follows:

> [W]henever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be

---

[3] In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court analyzed the intersection of civil rights and habeas corpus. In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate or speedier release. See id. at 476. The prisoners did not seek compensatory damages for the loss of their credits. See id. at 494. Assessing the prisoners' challenge, the Supreme Court held that a prisoner must bring a suit for equitable relief that, effectively, challenges "the fact or duration of confinement" as a habeas corpus petition. See id. at 500.

>  brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

Therefore, a prisoner must file a petition for a writ of habeas corpus if he "seek[s] to invalidate the duration of [his] confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody."  See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005).  In contrast, a civil complaint is the appropriate form of remedy where a judgment in the prisoner's favor would not affect the fact or duration of his incarceration.  See, e.g., Ganim v. Federal Bureau of Prisons, 235 Fed. App'x 882 (3rd Cir. 2007); Bronson v. Demming, 56 Fed. App'x 551, 553-54 (3rd Cir. 2002).

In light of the foregoing, Plaintiff's claims seeking release from confinement – if such claims were intended – will, too, be dismissed for lack of jurisdiction.  Such dismissal, however, will be without prejudice to Plaintiff's filing of an appropriate habeas application.[4]

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's

---

[4] The Court expresses no opinion as to the merits or procedural ripeness of Plaintiff's habeas action seeking release from confinement.

application to file the complaint without prepayment of the filing fee[5] and will dismiss the Complaint.  Such dismissal will be with prejudice with regard to Plaintiff's claims against all named Defendants except Defendant Barber.  Plaintiff's claims seeking release from confinement will be dismissed without prejudice to initiation of an appropriate habeas action.  Plaintiff's claims against Defendant Barber will be dismissed without prejudice to Plaintiff's filing of amended pleadings detailing the nature of the assault he suffered and the medical need with regard to which he was denied medical care.  Plaintiff will be allowed to supplement his amended pleadings by any claims relevant to the aforesaid claims against Defendant Barber, and Plaintiff will be directed to name new defendants accordingly and to include "Sgt. Afonte" in the list of such new defendants, if such inclusion appears warranted in light of "Sgt. Afonte's" involvement in the assault and/or denial of medical care allegedly experienced by Plaintiff.

    An appropriate Order accompanies this Opinion.


                                    s/ Faith S. Hochberg
                                    **FAITH S. HOCHBERG,**
                                    **United States District Judge**

Dated: May 3, 2011

---

[5] Since the Court has no clarity as to whether Plaintiff is a pre-trial detainee or a civilly committed individual, the Court will not direct the Clerk to assess a filing fee against Plaintiff until and unless this issue is conclusively resolved.